**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4086**

———————

UNITED STATES OF AMERICA,

                                     Plaintiff - Appellee,

      versus

LARRY DONNELL OWENS,

                                     Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. James A. Beaty, Jr., District Judge. (CR-04-276)

———————

Submitted: July 27, 2005            Decided: August 1, 2005

———————

Before KING, GREGORY, and SHEDD, Circuit Judges.

———————

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

———————

Louis C. Allen, III, Federal Public Defender, Erick D. Placke, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Michael Augustus DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Larry Donnell Owens pled guilty to possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (2000). The district court sentenced Owens under the federal sentencing guidelines to 108 months incarceration and stated an alternative sentence of 50 months pursuant to our directive in United States v. Hammoud, 378 F.3d 426 (4th Cir.) (order), opinion issued by 381 F.3d 316 (4th Cir. 2004) (en banc), vacated, 125 S. Ct. 1051 (2005). Owens now appeals, arguing that his sentence was imposed in violation of his Sixth Amendment rights, as expressed in United States v. Booker, 125 S. Ct. 738 (2005). For the reasons that follow, we affirm Owens' conviction, but vacate his sentence and remand for re-sentencing.

Owens argues on appeal that his sentence is unconstitutional because it was enhanced based on the district court's findings that he possessed the firearm in connection with another felony offense and that he possessed a specific quantity of a controlled substance. These findings resulted in an enhancement of Owens' sentencing range under the guidelines as mandatory from 46 to 57 months to 100 to 120 months. In Booker, the Supreme Court held that the federal sentencing guidelines' mandatory scheme-- which provided for sentencing enhancements based on facts found by the court--violated the Sixth Amendment. Id. at 746 (Stevens, J., opinion of the Court). The Court remedied the constitutional

violation by making the guidelines advisory through the removal of two statutory provisions that had rendered them mandatory. Id. at 746 (Stevens, J., opinion of the court); id. at 756-57 (Breyer, J., opinion of the Court). In light of the ruling in Booker, we find that the district court erred in imposing a sentence under the federal sentencing guidelines as they existed prior to Booker.[1] Therefore, although we affirm Owens' conviction, we vacate his sentence and remand for proceedings consistent with Booker.[2] See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005) (citing Booker, 125 S. Ct. at 764-65, 767 (Breyer, J., opinion of the Court)). We dispense with oral argument because the facts and

---

[1]As we noted in Hughes, 401 F.3d at 545 n.4, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time of [Owens'] sentencing." See generally Johnson v. United States, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

[2]Although the Sentencing Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. Hughes, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (West 2000 & Supp. 2005), and then impose a sentence. Id. If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2). Id. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 547.

legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART, VACATED IN PART, AND REMANDED</u>